| | |
|---|---|
| **KARL WILLIAMS, III,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **NO. 2:26-cv-00027** |
| | ) |
| **CALEB CATHEY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

On April 20, 2026, Mississippi resident Karl Williams, III, proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 against the Cumberland County Sheriff and three deputies, asserting excessive force, racial profiling, false arrest, and other federal and state law claims arising from a traffic stop and subsequent events on April 19, 2025. (Doc. No. 1). Plaintiff filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 3), which he subsequently amended. (Doc. No. 7). He also filed an Amended Complaint as of right on April 24, 2026 (Doc. No. 6), and a motion for leave to again amend on June 9, 2026. (Doc. No. 8).[1]

## I. APPLICATION TO PROCEED IFP

Plaintiff's amended IFP application sufficiently demonstrates that, with reasonable monthly expenses approximating his monthly income and little in the way of liquid or other assets, he cannot pay the $405 civil filing fee in advance "without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the

---

[1] As discussed below, Plaintiff's motion to amend must be denied because it is not supported by a proposed amended complaint. The Amended Complaint filed on April 24 is thus Plaintiff's operative pleading.

amended IFP application (Doc. No. 7) is **GRANTED**. 28 U.S.C. § 1915(a). The original IFP application (Doc. No. 3) is **DENIED** as moot.

## II. INITIAL REVIEW

A. <u>Legal Standard</u>

The Court must conduct an initial review and dismiss the Amended Complaint (Doc. No. 6) if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); <u>see</u> <u>also</u> <u>Ongori v. Hawkins</u>, No. 16-2781, 2017 WL 6759020, at \*1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Amended Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," <u>Small v. Brock</u>, 963 F.3d 539, 540 (6th Cir. 2020) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Hill v. Lappin</u>, 630 F.3d 468, 470–71 (6th Cir. 2010). Section 1983 provides a right to relief if the Amended Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." <u>Carl v. Muskegon Cnty.</u>, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," <u>Nat'l Rifle Ass'n of Am. v. Vullo</u>, 602 U.S. 175, 181 (2024) (quoting <u>Iqbal</u>, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." <u>Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan</u>, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading

2

a liberal construction, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. <u>Inner City</u>, <u>supra</u>.

B. <u>Factual Allegations</u>

The Amended Complaint alleges that, on April 19, 2025, Plaintiff was pulled over while driving through Crossville, Tennessee on Interstate 40. (Doc. No. 6 at 4, 9). Defendant Caleb Cathey purportedly stopped Plaintiff for an alleged traffic violation, though Plaintiff states that no traffic violation was committed and no traffic citation was issued. (<u>Id.</u> at 9). Plaintiff exhibited no signs of intoxication. (<u>Id.</u>). Nonetheless, Cathey was hostile. Plaintiff informed Cathey during the stop that Plaintiff suffered from depression and was experiencing significant anxiety and panic. (<u>Id.</u>). When Cathey called additional officers to the scene, Plaintiff became frightened and "briefly ran into the roadway out of fear and emotional distress, not with the intent to flee or evade arrest." (<u>Id.</u>). Plaintiff "was detained while a K-9 unit was deployed and officers conducted a search of Plaintiff's vehicle, but no contraband or illegal items were found." (<u>Id.</u>). Cathey arrested Plaintiff on suspicion of driving under the influence (DUI). (<u>Id.</u>). Cathey used physical force to restrain Plaintiff, causing a contusion "through excessively tight handcuffing" and resulting pain in Plaintiff's right wrist, for which Plaintiff was later prescribed ibuprofen and physical therapy. (<u>Id.</u> at 5, 9, 10). The other officers at the scene were Defendants Zach Early and Blake Richardson, and both are alleged to have "assist[ed] with the detention of Plaintiff." (<u>Id.</u> at 8). Plaintiff alleges that neither Cathey, Early, nor Richardson had probable cause "to believe Plaintiff had committed any crime." (<u>Id.</u> at 9). After Plaintiff was transported to a hospital for a mental health evaluation (<u>id.</u>) and a blood draw (<u>id.</u> at 10), Cathey obtained a warrant for his arrest. (<u>Id.</u> at 9). Cathey's official report falsely accused Plaintiff of "drug-related conduct." (<u>Id.</u> at 12). The DUI charge against Plaintiff was subsequently dismissed. (<u>Id.</u> at 9).

C. <u>Analysis</u>

The Amended Complaint asserts seven federal claims based on alleged violations of Plaintiff's rights under the U.S. Constitution, as well as five pendent state law claims. Officers Cathey, Early, and Richardson are sued in their individual and official capacities, while Sheriff Cox is sued in his official capacity only. (Doc. No. 6 at 2–3). The seven federal claims asserted are: (1) racial profiling in violation of the Fourteenth Amendment's Equal Protection Clause against Cathey, Early, and Richardson; (2) illegal search and seizure under the Fourth Amendment against Cathey, Early, and Richardson; (3) excessive force under the Fourth Amendment against Cathey; (4) false arrest and unlawful detention against Cathey; (5) failure to intervene against Early and Richardson; (6) violation of bodily integrity against Cathey; and (7) deliberate indifference with respect to municipal policies, customs, training, and supervision against Sheriff Cox. (<u>Id.</u> at 10–11).

These claims appear to have been timely filed,[2] and the Court cannot say at this point that any of them are implausibly pled against Cathey, Early, and Richardson in their individual capacity. Further factual development is required as to these claims and Plaintiff's state law claims,[3] particularly insofar as they turn on determinations of reasonableness and probable cause. <u>See</u> <u>Jones v. City of Elyria, Ohio</u>, 947 F.3d 905, 917 (6th Cir. 2020) ("Ascertaining whether force was excessive in any given case … is a fact-intensive inquiry[.]"); <u>Bracken v. Manor Twp.</u>, 665 F.

---

[2] Plaintiff claims that he was injured on April 19, 2025. Under the statute of limitations applicable to Section 1983 actions, he had one year to file suit, and that year ended "on the same calendar date the following year." <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 398 (6th Cir. 1997). However, because April 19, 2026 was a Sunday, the last day of the limitations period was Monday, April 20, 2026, <u>see</u> <u>id.</u> (applying Fed. R. Civ. P. 6(a))—the day the original Complaint was filed.

[3] The state law claims arise from the same facts recited above and include (1) intentional infliction of emotional distress against Cathey, Early, and Richardson; and (2) battery, (3) assault, (4) defamation, and (5) malicious prosecution against Cathey. (Doc. No. 6 at 11–12).

4

Supp. 3d 675, 691 (W.D. Pa. 2023), aff'd sub nom. Bracken v. Twp. of Manor, No. 23-1763, 2024 WL 4210535 (3d Cir. Sept. 17, 2024) ("In general, the question of probable cause in a section 1983 damages suit is a question of fact for the jury, unless there is only one reasonable determination possible. … Courts employ an objective and fact intensive test to determine whether probable cause existed at the time of the arrest.") (citation and internal quotation marks omitted); cf. Williams v. City of Grand Rapids, 672 F. Supp. 3d 395, 407 (W.D. Mich. 2023) (analyzing similar claims at the summary judgment stage). Plaintiff's federal claims against Cathey, Early, and Richardson in their individual capacity will proceed for further development, as will his pendent state law claims.

The claims against the Cumberland County Sheriff and his deputies in their official capacity, however, are effectively claims against Cumberland County. See Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"). As such, they require allegations supporting a plausible claim that Plaintiff's "constitutional rights were violated and that a policy or custom of [Cumberland County] was the 'moving force' behind the deprivation of Plaintiff's rights." Okolo v. Metro. Gov't of Nashville, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing Miller v. Sanilac County, 606 F.3d 240, 254–55 (6th Cir. 2010)). "That policy or custom must be specific; if a complaint pleads facts that are 'merely consistent with' liability, it 'stops short of the line between possibility and plausibility of relief.'" Patterson v. City of Clarksville, No. 3:23-cv-00682, 2025 WL 3048999, at *5 (M.D. Tenn. Oct. 31, 2025) (quoting Hutchison v. Metro. Gov't of Nashville & Davidson Cnty., 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010)).

Here, the Amended Complaint alleges that Sheriff Cox "had responsibility over the operations of the Sheriff's Office, including policies, training, supervision, discipline, and law-

enforcement practices of deputies." (Doc. No. 6 at 8). It further alleges that Cox, "in his official capacity as Sheriff of Cumberland County and final policymaker for the Cumberland County Sheriff's Office, maintained policies, customs, or practices and failed to adequately train and supervise deputies regarding lawful traffic stops, probable cause determinations, and the use of force"—though "[t]he precise details of these policies, customs, training practices, and supervision are within the control of Defendants [so must] be revealed through discovery." (Id. at 11).

If in discovery Plaintiff ascertains particular policies and training practices that he believes produced the injuries he has alleged, or a total lack of policies or training practices that ought to have been in place, he may seek to amend in order to include a municipal liability claim at that point. See Ouza v. City of Dearborn Heights, Michigan, 969 F.3d 265, 286–89 (6th Cir. 2020) ("The failure to provide any training on probable cause determinations or use of force (including handcuffing technique) is constitutionally inadequate."). At this point, however, the Amended Complaint's municipal liability claim is made up of only "formulaic recitations of the elements of a cause of action and supporting conclusory statements" which are not entitled to the presumption of truth, Okolo, 892 F. Supp. 2d at 943, and which are not sufficient to state a claim against the County that would plausibly, and not merely possibly, entitle Plaintiff to relief. See Birgs v. City of Memphis, 686 F. Supp. 2d 776, 780–81 (W.D. Tenn. 2010) (reviewing similar allegations and finding that, "[s]tripped of legal language, the Complaint contains no facts that could plausibly lead one to believe" that the city is liable for its officers' use of excessive force). Accordingly, Sheriff Cox will be dismissed from this action, as will the official capacity claims against the remaining Defendants.

6

## III. CONCLUSION

As explained above, Plaintiff's individual capacity claims against Defendants Cathey, Early, and Richardson are sufficiently pled to survive initial review. However, the Court's determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Defendant Casey Cox is **DISMISSED** from this action. The official-capacity claims against the remaining Defendants are also **DISMISSED**.

Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 8) refers to "the attached Proposed Third Amended Complaint" (id. at 1, 2), but no proposed pleading is attached to the Motion. The Motion therefore fails to comply with Local Rule 15.01, which requires that "the signed proposed amended pleading" be attached "as an appended exhibit." M.D. Tenn. L.R. 15.01(a)(1). Accordingly, the Motion for Leave to File Third Amended Complaint (Doc. No. 8) is **DENIED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for each of the three remaining Defendants. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendants. Fed. R. Civ. P. 4(b) and (c)(3).

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any

7

pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Plaintiff is cautioned that he must keep the Court informed of his current address at all times, or risk dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); M.D. Tenn. L.R. 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. See https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

8